Joan **BACASHIHUA**,
**Plaintiff–Appellant,**

**American Postal Workers Union, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE,**
**Defendant–Appellee.**

No. 87–1355.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 5, 1988.

Decided Oct. 7, 1988.

Steven Z. Cohen argued, Cohen & Ellias, P.C., Birmingham, Mich., for plaintiff-appellant.

Ellen G. Ritteman argued, Asst. U.S. Atty., Detroit, Mich. for defendant-appellee.

Before GUY and BOGGS, Circuit Judges, and PECK, Senior Circuit Judge.

PECK, JOHN W., Senior Circuit Judge.

Plaintiff Joan Bacashihua appeals the district court's order granting defendant U.S. Postal Service's motion to dismiss Bacashihua's petition to modify an arbitration award that upheld her termination by the Postal Service. The district court determined that the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, controlled the case, and that Bacashihua's motion to modify the award was untimely thereunder. Although we differ with the district court's reasoning, we nonetheless affirm the district court's order for the reasons stated herein.

I.

Bacashihua was employed by the Postal Service as a parcel post distributor at the Bulk Mail Center in Allen Park, Michigan from 1980 until late 1984. Bacashihua was covered by the 1981–1984 collective bargaining agreement between the Postal Service and the American Postal Workers Union ("the Union"). On September 19, 1984, the Postal Service issued Bacashihua a notice of removal because she allegedly had been absent from her job without leave on August 11 and 12, 1984. On October 11, 1984, Bacashihua received a letter decision stating that she would be terminated effective November 5, 1984. The Union appealed the Postal Service's action to arbitration. The arbitrator issued a decision in the Postal Service's favor on March 5, 1985.

Following the September 1984 notice of proposed removal, the Postal Service issued a second notice of proposed removal, alleging that Bacashihua had been absent without leave September 14 through 30, 1984. This matter was also submitted to arbitration. On April 1, 1985, the arbitrator found in Bacashihua's favor on this second charge of improper absence.

On September 27, 1985, Bacashihua filed an appeal with the Merit Systems Protection Board ("MSPB") with regard to the first adverse arbitration decision. The MSPB dismissed the appeal as untimely. On February 25, 1986, Bacashihua filed a petition for review with the full Board of MSPB. On May 20, 1986, the full Board denied her petition as untimely. Bacashihua appealed to the Federal Circuit in June 1986. The Federal Circuit affirmed the MSPB's dismissal. *Bacashihua v. Merit Systems Protection Board*, 811 F.2d 1498 (Fed.Cir.1987).

Meanwhile, Bacashihua and the Union filed this action in district court in February 1986 styled as a Petition to Modify Arbitration Award and/or Grant a Rehearing on the Issue of Back Pay. Bacashihua requested the district court to modify the award to require reinstatement with back pay and/or to enter an order directing the arbitrator to rehear her claim that she was terminated without just cause. Bacashihua asserted the FAA as the only basis for jurisdiction. However, in answer to the Postal Service's response that her petition was untimely under the FAA, which requires petitions to modify to be filed within 3 months of the arbitration award, Bacashihua reversed course and argued that the

FAA did not apply to her case. She asserted that under the FAA:

nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

9 U.S.C. § 1. Because Bacashihua was an employee of the Postal Service, which is engaged in interstate commerce, she maintained that the FAA and its 3–month limitations period did not apply to her claim. Bacashihua urged that either the six-month limitations period under 29 U.S.C. § 160(b) should apply and be tolled due to certain factors (which need not be elaborated here) or that Michigan's six-year "catch-all" statute of limitations should apply.

As noted above, the district court held that the FAA applied to Bacashihua's claim. The district court determined that the Postal Service's collective bargaining agreement was not a "contract of employment" for purposes of 9 U.S.C. § 1. The district court also found there was no evidence that Bacashihua was personally engaged in interstate commerce so as to bring her claim within the exclusion for "workers engaged in ... interstate commerce." The district court therefore held that Bacashihua's claim was barred by the FAA's 3–month statute of limitations.

## II.

■ The proper interpretation of the exclusionary provision in 9 U.S.C. § 1 has been subject to much debate. The two areas of dispute are whether collective bargaining agreements are "contracts of employment" within § 1's meaning, and whether "workers engaged in ... interstate commerce" requires that the workers personally be engaged in interstate commerce. *See American Postal Workers Union v. United States Postal Service,* 823 F.2d 466, 470–73 (11th Cir.1987). Originally the Sixth Circuit held that collective bargaining agreements were not "contracts of employment" within the statutory exclu-

sion. *See Local 19, Warehouse, Processing and Distributive Workers Union v. Buckeye Cotton Oil Co.,* 236 F.2d 776, 781 (6th Cir.1956), *cert. denied,* 354 U.S. 910, 77 S.Ct. 1293, 1 L.Ed.2d 1428 (1957); *Hoover Motor Express Co. v. Teamsters Local Union 327,* 217 F.2d 49, 53 (6th Cir.1954); *accord Chattanooga Mailers Union, Local 92 v. Chattanooga News–Free Press Co.,* 524 F.2d 1305, 1315 (6th Cir.1975); *Vaden v. U.S. Postal Service,* 787 F.2d 594 (6th Cir.1986) (unpublished per curiam). However, the Supreme Court's recent opinion in *United Paperworkers International Union v. Misco, Inc.,* —— U.S. ——, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), indicated that this interpretation of 9 U.S.C. § 1 was incorrect. In *Misco* the Supreme Court stated:

The Arbitration Act does not apply to "contracts of employment of ... workers engaged in foreign or interstate commerce," 9 U.S.C. § 1, but *the federal courts have often looked to the Act for guidance in labor arbitration cases,* especially in the wake of the holding that § 301 of the Labor Management Relations Act of 1947, 61 Stat. 156, empowers the federal courts to fashion rules of federal common law to govern "[s]uits for violation of contracts between an employer and a labor organization" under the federal labor laws. *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957) (construing 29 U.S.C. § 185). *See, e.g., Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123 (CA 3 1969); *Pietro Scalzitti Co. v. International Union of Operating Engineers, Local No. 150,* 351 F.2d 576 (CA 7 1965).

*Id.* 108 S.Ct. at 372 n. 9 (emphasis added). With the benefit of the Supreme Court's guidance, this Court recently thus determined that § 1's exclusion does pertain to labor contracts.[1] *Occidental Chemical Corp. v. Local 820 International Chemical Workers Union,* 853 F.2d 1310, 1315 (6th Cir.1988). Therefore, Bacashihua's claim involves "a contract of employment"

---

1. Indeed, the Sixth Circuit's prior interpretation was a minority view subject to criticism. *Amer-* *ican Postal Workers Union,* 823 F.2d at 472–73.

within the meaning of 9 U.S.C. § 1's exclusion.

■ This Court apparently has never directly addressed the interpretation or scope of § 1's exclusion of "any other class of workers engaged in foreign or interstate commerce." In this instance it seems clear that Bacashihua is in a "class of workers engaged in foreign or interstate commerce." The district court's concern that Bacashihua was not *personally* engaged in interstate commerce is misplaced. Even in the cases cited by the district court, the concern was not whether the individual worker actually engaged in interstate commerce, but whether the class of workers to which the complaining worker belonged engaged in interstate commerce. *See, e.g., Tenney Engineering, Inc. v. United Electrical Radio & Machine Workers of America, Local 437*, 207 F.2d 450, 452–53 (3d Cir.1953). If any class of workers is engaged in interstate commerce, it is postal workers. As observed by the Eleventh Circuit in *American Postal Workers Union, supra*, "[t]hey are responsible for dozens, if not hundreds, of items of mail moving in 'interstate commerce' on a daily basis. Indeed, without them, 'interstate commerce,' as we know it today, would scarcely be possible." 823 F.2d at 473. Contrary to the district court's conclusion, Bacashihua's claim is not covered by the FAA.

■ Even if Bacashihua's claim were covered under the FAA, it is clear that she lacked standing to maintain an appeal under the FAA. 9 U.S.C. § 10 of the Federal Arbitration Act provides that an award may be vacated "upon the application of any *party* [emphasis added] to the arbitration." This provision has been strictly interpreted by the courts to prohibit an employee who was not a party to the arbitration from appealing the results of the arbitration between the employee's union and employer. *See, e.g., Anderson v. Norfolk & Western Ry. Co.*, 773 F.2d 880, 882, (7th Cir.1985); *Acuff v. Papermakers and Paperworkers, AFL–CIO*, 404 F.2d 169, 171 n. 2 (5th Cir.1968), *cert. denied*, 394 U.S. 987, 89 S.Ct. 1466, 22 L.Ed.2d 762 (1969); *Lofton v. United States Postal Service*, 592 F.Supp. 36, 37–38 (S.D.N.Y.1984); *accord Pittsburgh Metro Area Postal Workers Union v. United States Postal Service*, 463 F.Supp. 54, 56–57 (W.D.Pa.1978), *aff'd* 609 F.2d 503 (3d Cir.1979), *cert. denied*, 445 U.S. 950, 100 S.Ct. 1598, 63 L.Ed.2d 785 (1980) (local union has no standing under 9 U.S.C. § 10 to appeal results of arbitration proceeding between the national union and the employer, who are the sole signatories to the collective bargaining agreement); *Local 13, International Longshoremen's & Warehouseman's Union v. Pacific Maritime Ass'n*, 441 F.2d 1061, 1065 (9th Cir. 1971), *cert. denied*, 404 U.S. 1016, 92 S.Ct. 677, 30 L.Ed.2d 664 (1972) (same).

■ To the extent that Bacashihua's appeal arguably might fall under 39 U.S.C. § 1208(b) (which she did not expressly plead), her claim must also fail. Section 1208(b) provides for jurisdiction of the district courts over "suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees...." This section is the "analogue" of § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). *Lawson v. Truck Drivers, Chauffeurs & Helpers*, 698 F.2d 250, 255 (6th Cir.), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983); *McNair v. United States Postal Service*, 768 F.2d 730, 735 (5th Cir.1985). Section 301 law is therefore consistently applied to actions brought under 39 U.S.C. § 1208(b). *Id.* Under this body of law, it is well established that when a collective bargaining agreement establishes a mandatory grievance procedure and grants the union the exclusive right to pursue claims on behalf of an aggrieved employee, as in this case, the results obtained by the union are normally conclusive of the employee's rights under the agreement subject to very limited judicial review. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164, 103 S.Ct. 2281, 2290, 76 L.Ed.2d 476 (1983). Accordingly, the aggrieved employee normally lacks independent standing to attack the results of the grievance process. *Anderson*, 773 F.2d at 882; *McNair*, 768 F.2d at 735; *Vosch v. Werner Conti-*

*nental, Inc.,* 734 F.2d 149, 154–55 (3d Cir. 1984), *cert. denied,* 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 779 (1985); *Andrus v. Convoy Co.,* 480 F.2d 604, 606 (9th Cir.), *cert. denied,* 414 U.S. 989, 94 S.Ct. 286, 38 L.Ed. 2d 228 (1973). An individual employee may, however, challenge the arbitration award where he or she alleges and proves that the union breached its duty of fair representation, thereby subverting the arbitral process. *DelCostello,* 426 U.S. at 164–65, 103 S.Ct. 2290–91. Bacashihua has failed to allege or present facts tending to show that the union breached its duty of fair representation, and therefore presents no cognizable claim under § 1208(b).

■ Bacashihua, however, maintains that an employer's material fraud, *e.g.,* perjury, independent of and without any breach of the union's duty of fair representation, is a proper basis for vacating an arbitral award under federal common law governing labor arbitrations. *See Dogherra v. Safeway Stores, Inc.,* 679 F.2d 1293, 1296–97 (9th Cir.), *cert. denied,* 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982). Bacashihua's amended petition made conclusory allegations that her former supervisor perjured himself at the first arbitration. The amended petition alleges that "[t]his information was obtained by [Bacashihua] pursuant to a subsequent arbitration at which time the same witnesses recanted their prior testimony and clarified matters which would have permitted [Bacashihua] to be reinstated."

Bacashihua's argument on this point also fails. First, she never filed any affidavits or factual evidence, but merely rested on her conclusory allegations of perjury, in face of the Postal Service's Motion to Dismiss or, in the Alternative, for Summary Judgment. Moreover, the record shows that the arbitrations involved two entirely separate unauthorized absences; the arbitrators' decisions do not reveal reliance on the same supervisor's testimony on the same issue, such that the outcome of the first arbitration could not have been adversely affected by alleged perjury discerned at the second hearing.[2] Finally, even if Bacashihua's action could otherwise be viewed as presenting a viable claim, it is untimely. The first arbitration award which resulted in her dismissal was issued March 5, 1985. Bacashihua and the Union did not file the district court action challenging that award until February 14, 1986, some eleven months later. Under the reasoning set forth in *Occidental, supra,* Bacashihua's action was untimely.

■ In *Occidental,* this Court, guided by the Supreme Court's comments in *Misco, supra,* "borrowed" the three-month period of the FAA and applied it as the most appropriate statute of limitations in a case from Michigan brought pursuant to LMRA § 301 to vacate an arbitration award. Slip op. at 11. The Court cited the desirability of rapidly resolving disputes regarding an arbitration award as supporting its choice of the three-month period. Moreover, it distinguished hybrid section 301/unfair representation cases, governed by a longer six-month statute of limitations, *see DelCostello,* 462 U.S. at 169, 103 S.Ct. at 2293, on the basis that in such hybrid actions the aggrieved employee must evaluate the adequacy of the union's representation, retain counsel, and investigate issues that were not at issue in the arbitration before he or she can frame a suit. *Occidental,* at 1316; *see also DelCostello,* 462 U.S. at 165–66, 103 S.Ct. at 2291–92. Such concerns of a hybrid action are not present in this action to modify. We therefore follow the procedure adopted in *Occidental* and conclude that the petition to modify the arbitration award filed by Bacashihua and the Union was subject to a three-month limitations period, and was therefore untimely.[3] The

**2.** For these reasons, we also reject Bacashihua's argument that equity requires reopening of the first arbitration.

**3.** Bacashihua argued that Michigan's six-year "catch all" limitations statute, M.C.L.A. § 600.5813, should apply to her petition, citing *International Union of Electrical, Radio and Ma-*

*chine Workers v. Ingram Mfg. Co.,* 715 F.2d 886 (5th Cir.1983), *cert. denied,* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 184 (1984). *Ingram* has been criticized as "contrary to federal labor policy" inasmuch as rapid resolution of labor disputes is favored by national labor policy.

judgment of the district court is hereby AFFIRMED.

*See American Postal Workers Union,* 823 F.2d at 474. *Accord Occidental,* at 1315.