William R. BISHOP, With the Express Permission of the Bakery, Confectionery and Tobacco Workers' International Union, AFL–CIO; Local Union 16–T, Plaintiff,

v.

PHILIP MORRIS, U.S.A., Defendant.

No. C 88–0762–L(B).

United States District Court, W.D. Kentucky, at Louisville.

Feb. 22, 1990.

Ted B. Gordon, Louisville, Ky., for plaintiff.

Douglas W. Becker, Louisville, Ky., for defendant.

## MEMORANDUM

BALLANTINE, Chief Judge.

This matter is before the Court on the motion of the defendant to dismiss for lack of subject matter jurisdiction, F.R.Civ.P. 12(b)(1), or for failure to join an indispensable party, F.R.Civ.P. 19.

The procedural background of this action is somewhat muddled. As originally filed, the action was styled, *The Bakery, Confectionery and Tobacco Workers International Union, AFL–CIO, Local Union 61T (the Union), By and In Behalf of William R. Bishop, Plaintiff v. Philip Morris, U.S.A., Defendant.* The original complaint was filed October 28, 1988, and alleged that Bishop, a member of the Union, was wrongfully discharged by defendant. A grievance was pursued through binding arbitration. The arbitrator upheld the discharge.

The complaint invoked the Court's jurisdiction under the Federal Arbitration Act, Title 9 U.S.C. § 1, *et seq.* and § 301 of the Labor Management Relations Act, Title 29 U.S.C. § 185, *et seq.*

When the Union learned that the action had been filed as styled, its counsel (who had not filed the action) demanded that the complaint be dismissed. Bishop then filed an amended complaint November 14, 1988. The only amendment to the original complaint changed the identity of the plaintiff in the caption to William R. Bishop, with Express Permission of [the Union], and added a substantive allegation that Bishop brought the action with the express consent of the Union.

It is not disputed that Bishop was discharged by defendant and that the Union pursued a grievance through final and binding arbitration. When the arbitrator upheld the discharge, the Union rejected a request by Bishop to seek federal court review and Bishop filed this action.

## APPLICABILITY OF THE ARBITRATION ACT

Section 1 of the Arbitration Act provides in part: "Nothing herein contained shall apply to contracts of employment of ... workers engaged in foreign or interstate commerce."

In *United Paperworkers Intern. Union v. Misco, Inc.,* 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), the Court held that the Arbitration Act does not apply to collective bargaining agreements. 484 U.S. at 40, n. 9, 108 S.Ct. at 372, n. 9. It is now settled in this circuit that § 1 does not pertain to labor contracts, *Occidental Chemical v. Intern. Chemical Wkrs. Union,* 853 F.2d 1310, 1315 (6th Cir.1988); *Bacashihua v. U.S. Postal Service,* 859 F.2d 402, 404–405 (6th Cir.1988).

This Court has no difficulty in finding that the Arbitration Act does not confer subject matter jurisdiction over this dispute.

## THE SECTION 301 LMRA CLAIM

In *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), the Court recognized that § 301 encompasses suits seeking to vindicate uniquely personal rights of employees such as wrongful discharge. The Court went on to establish a requirement of exhaustion under the collective bargaining agreement before the employee could bring an action in federal court.

There is no doubt that Bishop has exhausted his remedies under the bargaining agreement. The question remaining is whether Bishop retains independent standing to attack the results of the grievance process.

The *Hines* court recognized the desirability of the finality of arbitration decisions to settle disputes. *Id.* at 562–563, 96 S.Ct. at 1055. A fair reading of *Hines* leads to the conclusion that unless the Union refuses to press or only perfunctorily presses the individual's claim, the arbitral decision is final. Should the Union breach its duty of fair representation, the individual member may bring an action under § 301. Since, however, "[t]he collective bargaining as encouraged by Congress and administered by the NLRB of necessity subordinates the interest of an individual employee to the collective interests of all employees in a bargaining unit," *Vaca v. Sipes,* 386 U.S. 171, 182,

87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967), it of necessity follows that an arbitrator's finding of no breach of the collective bargaining agreement is final.

The independent standing of an aggrieved employee to attack the results of a grievance was addressed in *Bacashihua v. U.S. Postal Service, supra:*

> "[I]t is well established that when a collective bargaining agreement establishes a mandatory grievance procedure and grants the union the exclusive right to pursue claims on behalf of an aggrieved employee, as in this case, the results obtained by the union are normally conclusive of the employee's rights under the agreement subject to very limited judicial review. (Citation omitted.) Accordingly, the aggrieved employee normally lacks independent standing to attack the results of the grievance process. (Citations omitted.) An individual employee may, however, challenge the arbitration award where he or she alleges and proves that the union breached its duty of fair representation, thereby subverting the arbitral process."

859 F.2d at 405–506.

Since Bishop makes no claim that the Union breached its duty of fair representation, *Bacashihua* mandates finding that this Court lacks jurisdiction to review the award of the arbitrator and defendant's motion to dismiss will be granted.