915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William R. BISHOP, With the Express Permission of the
Bakery, Confectionery and Tobacco Workers'
International Union, AFL-CIO, Union
16-T, Plaintiff-Appellant,
v.
PHILIP MORRIS USA, Defendant-Appellee.
 No. 90-5429.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 William R. Bishop appeals the district court's order dismissing his labor action filed pursuant to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following his discharge from his employment with Philip Morris USA, Bishop instituted a grievance pursuant to the collective bargaining agreement between Philip Morris and his union, the Bakery, Confectionery and Tobacco Workers' International Union, AFL-CIO. The grievance was pursued through the entire grievance procedure, including final and binding arbitration. On August 1, 1988, the arbitrator issued a decision upholding Bishop's discharge. Bishop brought this action challenging the arbitrator's decision. He argued that the arbitrator went beyond the terms of the collective bargaining agreement, thereby committing an ultra vires act forbidden by article XIV of the bargaining agreement.
 
 
 3
 In his original complaint, Bishop sued Philip Morris in the union's name. After the union objected to being named a party to the action, Bishop filed an amended complaint which stated that he was suing Philip Morris in his own name "with the permission of the union."
 
 
 4
 After a review of the record, the district court granted Philip Morris's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The district court found that Bishop did not have standing to bring the lawsuit in his own name. Bishop has filed a timely appeal, challenging the dismissal of the action on grounds of lack of jurisdiction.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated in the district court's order dated February 22, 1990.
 
 
 6
 The district court did not err in dismissing Bishop's claims for lack of subject matter jurisdiction because the evidence in the record shows that there is no genuine issue as to the existence of jurisdiction. See Armbruster v. Quinn, 711 F.2d 1332, 1335 (6th Cir.1983). In this instance, Bishop lacks standing to challenge the arbitrator's award under Sec. 301 of the Labor Management Relations Act. Bacashihua v. United States Postal Service, 859 F.2d 402, 405 (6th Cir.1988).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.