**In the Matter of Arbitration Under Agreements Between MANAGEMENT RECRUITERS INTERNATIONAL, INC., Petitioner,**

**and**

**Marcia E. NEBEL, et al., Respondents.**

**No. 1:90 CV 1146.**

United States District Court,
N.D. Ohio, E.D.

May 7, 1991.

**420**

Donald L. Goldman, Cleveland, Ohio, for petitioner.

Steven G. Zieff, Rudy & Zieff, San Francisco, Cal., and Theodore E. Meckler, Meckler & Meckler, Cleveland, Ohio, for respondents.

## AMENDED ORDER

BATTISTI, District Judge.

Before the Court are Petitioner's Motion to Compel Arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, Respondents' Motion to dismiss Petitioner's Motion, Petitioner's Brief in Opposition to Respondents' Motion to Dismiss, and Respondents' Reply Brief to Petitioner's Brief.

As a result of Respondents' alleged wrongful conduct, Petitioner commenced an arbitration proceeding before the American Arbitration Association ("AAA") in Cleveland, Ohio, pursuant to a provision in the account executive employment agreements between the parties. Each of these agreements prescribed, in pertinent part, as follows:

"... all controversies, claims, disputes and matters in question arising out of, or relating to, this Agreement or the breach thereof, or the relations between the parties, shall be decided by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The parties agree that the arbitration shall take place in Cleveland, Ohio."

Respondents refuse to arbitrate the dispute, claiming that arbitration should be denied because (1) the employment agreement is revocable under state law for being against public policy, adhesive, against the employees' reasonable expectations, and unconscionable, and (2) the agreement to arbitrate is part of a contract of employ-ment, which is excluded from the coverage of the FAA. Respondents also ask that this Court dismiss Petitioner's Motion on the grounds that there is lack of jurisdiction over the subject matter and over Respondents.

The jurisdictional question will be addressed first. This Court agrees with Petitioner that § 4 of the FAA provides sufficient jurisdictional basis for a district court to order out-of-state parties *who have agreed to arbitration in Ohio* to submit to arbitration. In other words, Respondents must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in Ohio. *See Victory Transport Inc. v. Comisaria General*, 336 F.2d 354 (2d Cir.1964); 2 J. Moore, J. Lucas, H. Fink, C. Thompson, Moore's Federal Practice, § 4.02[3], n. 22 (2d ed.1990). Respondents object, claiming that they have not consented to the jurisdiction of this Court because there was no "meeting of the minds with regard to the choice-of-forum provision"—that is, that their consent was not knowing, intelligent, and voluntary. A claim that the contract containing the arbitration clause was induced by fraud does not defeat a motion to compel arbitration unless the claimant can demonstrate specifically that the arbitration clause itself was fraudulently induced. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Respondents have not made such a showing. On the contrary, the record contains evidence to the effect that at least two of the Respondents took copies of their Agreements home to review before signing, one of them to be reviewed by her husband, an attorney.

Accordingly, this Court finds no merit in Respondents' arguments that it lacks subject matter jurisdiction (there is diversity) and personal jurisdiction (Respondents have waived it).

With respect to Respondents' contention that the employment agreements were revocable under state law, *Perry v. Thomas*, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) stands for the proposi-

tion that in matters such as the instant one there is federal preemption of any state-created rights. As the Supreme Court declared in *Perry:*

> Section 2 [of the FAA] is a congressional declaration of a liberal federal policy favoring arbitration, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.

*Id.* at 489, 107 S.Ct. at 2525 (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)).

This Court therefore need not reach the arguments raised by Respondents concerning California law.

■ The remaining question is whether the instant arbitration agreement is within the coverage of the FAA. Respondents maintain that their case falls outside the scope of the FAA since § 1 provides, in pertinent part, that

> ... nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

The courts have disagreed regarding the proper interpretation of § 1. For example, one early view was that collective bargaining agreements were not "contracts of employment" and that the FAA therefore applied to them. *See Hoover Motor Express Co. v. Teamsters Local Union No. 327,* 217 F.2d 49 (6th Cir.1954). This view has been rejected: collective bargaining agreements are now considered contracts of employment and thus outside the scope of the FAA. *See Bacashihua v. U.S. Postal Service,* 859 F.2d 402 (6th Cir.1988).

The Supreme Court has not ruled on the scope of § 1's exclusion. Some lower courts, however, have limited the application of the § 1 exclusion to employment agreements of workers directly involved in the interstate movement of goods—for example, postal workers and truck drivers. *See American Postal Workers Union v.*

*U.S. Postal Serv.,* 823 F.2d 466 (11th Cir. 1987). Construing § 1 in this manner leads to the conclusion that employment agreements involving nonunion workers, who are not involved in the transportation industry, are in fact covered by the FAA.

In *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1069 (2d Cir. 1972), the court found that the FAA applied to a professional basketball player's contract because the player "clearly is not involved in the transportation industry." Other circuits—the First, the Third, the Seventh—have also limited the exception in § 1 to employees involved in the actual movement of goods in interstate commerce. Furthermore, the courts have ruled that securities employees are not the types of workers "engaged in interstate commerce" that Congress had in mind when it drafted the contract of employment exclusion in § 1. *See Dickstein v. duPont,* 443 F.2d 783 (1st Cir.1968). Therefore, the FAA covers employment contracts in the securities industry.

In *Stokes v. Merrill Lynch, Pierce, Fenner & Smith,* 523 F.2d 433 (1975), the Sixth Circuit upheld a stay pending arbitration, declaring that

> [t]hey [appellants] do not seriously contend that as "account executives," they fall within the exception from coverage in § 1 of the Arbitration Act....

*Id.* at 436.

Respondents here overstate (to say the least) their case when they maintain that in *Bacashihua v. U.S. Postal Service,* 859 F.2d 402 (6th Cir.1988), the Sixth Circuit overruled *Stokes. Bacashihua* recognizes that the Sixth Circuit "has never directly addressed the interpretation or scope of § 1's exclusion of 'any other class of workers engaged in foreign or interstate commerce.'" *Id.* at 405. *Bacashihua* did not address the scope of § 1's exclusion either. The plaintiff in that case was, after all, a postal worker, and the court observed that "[i]f any class of worker is engaged in interstate commerce, it is postal workers." *Id.* at 405. The *Bacashihua* decision is strictly limited to the facts in that action,

pointing out that the courts generally have been concerned not with "whether the individual worker actually engaged in interstate commerce, but whether the class of workers to which the complaining worker belonged engaged in interstate commerce." *Id.*

Respondents, nonunion account executives, do not fall within the exception from coverage outlined in § 1 of the FAA. Like the professional basketball player in *Erving*, they are not engaged in interstate commerce or transportation, nor do they belong to a class of workers engaged in such activities. This Court agrees with *Erving* that

> [i]n light of the strong national policy in favor of arbitration as a means of settling private disputes we see no reason to give an expansive interpretation to the exclusionary language of Section 1....

*Id.* at 1069.

Accordingly, Petitioner's Motion to compel arbitration is Granted, and Respondents' Motion to Dismiss is Denied.

IT IS SO ORDERED.