41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pamela M. SUTTLES, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; Marvin T. Runyon, Postmaster
General, Defendants-Appellees.
 No. 94-1413.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 Before: BROWN, KENNEDY and SILER, Circuit Judges.
 
 ORDER
 
 1
 Pamela M. Suttles, a pro se Michigan resident, appeals a district court order dismissing her civil action attempting to overturn an arbitrator's award pursuant to 39 U.S.C. Sec. 1208(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Suttles sued the United States Postal Service and the Postmaster General in order to vacate an arbitrator's decision that was favorable to the defendants. Suttles was terminated from the postal service on May 31, 1991, after the postal service learned that Suttles had received Aid to Dependent Children (ADC) benefits and food stamps while she was employed with the postal service between June 16, 1984, and February 20, 1985. The postal union filed a grievance on Suttles's behalf. An arbitrator found that the postal service had just cause to terminate Suttles. The arbitrator issued his decision on February 12, 1992.
 
 
 3
 On April 13, 1993, Suttles filed her civil action. She subsequently sought a default judgment against the defendants, but the request was denied as there was no evidence that the defendants were properly served with the complaint. The defendants subsequently filed a motion for summary judgment which Suttles opposed. The district court granted summary judgment for the defendants. In her timely appeal, Suttles raises a plethora of issues.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Upon review, we affirm the district court's order. Suttles contends that the district court erred by not entering a default judgment against the defendants. However, there is simply no evidence in the record that the complaint was properly served on the United States Attorney for the Eastern District of Michigan or on the Attorney General of the United States as required by Fed.R.Civ.P. 4(i). As service was not properly effectuated against the defendants at the time Suttles moved for a default judgment, the district court did not err in denying Suttles's request.
 
 
 6
 Suttles lacked standing to challenge the arbitrator's decision. Judicial review of the arbitrator's decision is available under 39 U.S.C. Sec. 1208(b). This section is analogous to Sec. 301(a) of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a). Bacashihua v. United States Postal Serv., 859 F.2d 402, 405 (6th Cir.1988). Section 301 law is consistently applied to cases involving Sec. 1208(b). Id. Under this body of law, the aggrieved employee lacks independent standing to attack the results of the grievance process. Id. Thus, Suttles lacked standing to challenge the arbitrator's award.
 
 
 7
 Suttles may challenge the arbitrator's decision if she proves that the union breached its duty of fair representation, thereby subverting the arbitration process. Id. at 406. In her complaint, Suttles does not allege that the union engaged in unfair representation. However, in her response to defendants' motion for summary judgment, Suttles argues that the union breached its duty of fair representation by not appealing the arbitrator's decision. A union's failure to contest the arbitrator's decision does not constitute unfair representation. See Shores v. Peabody Coal Co., 831 F.2d 1382, 1384 (7th Cir.1987). Thus, Suttles simply has not established standing to challenge the arbitrator's decision. As to Suttles's remaining arguments, we conclude that they are unpersuasive and without merit.
 
 
 8
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.