Patrick A. HERRING, Jr., Richard A. Brems, Joseph Haley, Ronald L. Jenkins, et al., Plaintiffs–Appellants,

v.

DELTA AIR LINES, INC., Air Line Pilots Association, International, Defendants–Appellees.

No. 88–6182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 27, 1989.

Memorandum Oct. 13, 1989.

Order and Opinion as Modified Jan. 23, 1990.
Certiorari Denied March 5, 1990.
See 110 S.Ct. 1319.

Raymond C. Fay, Bell, Boyd & Lloyd, Washington, D.C., for plaintiffs-appellants.

William D. Claster, Gibson, Dunn & Crutcher, Newport Beach, Cal. and Walter Brill, Delta Air Lines Law Dept., Atlanta, Ga., for defendant-appellee Delta Air Lines, Inc.

Michael E. Abram, Christopher N. Souris, Cohen, Weiss and Simon, New York City, for defendant-appellee Air Line Pilots Association, International.

* Hon. William D. Browning, United States District Judge for the District of Arizona, sitting by

Before NELSON and BOOCHEVER, Circuit Judges, and BROWNING *, District Judge.

NELSON, Circuit Judge:

The plaintiffs-appellants, Patrick Herring and a group of Delta Airline pilots, appeal the district court's grant of summary judgment to defendants-appellees, Delta Air Lines, Inc., ("Delta") and Air Line Pilots Association, International, ("ALPA"). The plaintiffs-appellants also appeal the district court's denial of their motions to compel discovery, to strike portions of declarations, and to add more plaintiffs to their complaint. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 2201. The appellate court has jurisdiction pursuant to 28 U.S.C. § 1291. We review grants of summary judgment *de novo*. *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 547 (9th Cir.1985). We review denials of motions to compel discovery and to strike portions of declarations for abuse of discretion. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir.1986). We review the denial of leave to amend after a responsive pleading has been filed for an abuse of discretion. *Klamath–Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir.), *cert. denied*, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983).

In 1986, two airlines, Delta and Western Airlines, Inc., ("Western"), agreed to merge. As part of the merger agreement, Delta, the surviving entity, pledged to negotiate an integration of the two pilot seniority lists with ALPA, the pilots' union. Both Delta's pilots and Western's pilots were represented by ALPA. ALPA's merger policies vest authority to determine an appropriate method of integration in Merger Committees consisting of pilots selected from the affected pilot groups. In this case the pilots representing Western and Delta reached an agreement on seniority issues.

designation.

Delta stated that the labor issues arising during implementation of the merger would be performed according to a system of industry practices known as labor protection provisions ("LPPs"). The integration of a seniority list involves much more than listing pilots according to the date that each began work. It encompasses such variables as the pilot's rank (*e.g.*, captain, first officer, etc.), and the kind of aircraft with which a pilot has had experience. Therefore, the allocation of employment costs and benefits created by a merger is a difficult one. After strenuous negotiations, management reached an agreement with the union. The agreement was incorporated into the Delta–ALPA collective bargaining agreement.

This agreement was acceptable to most of the pilots but was unacceptable to Herring and to a majority of the pilots who formerly had flown for Western. These pilots seek to overturn the agreement between Delta and ALPA and to send the matter to arbitration. They rest their claim on numerous grounds. The pilots allege that: 1) the appellees violated the LPPs; 2) the appellees violated the Railway Labor Act ("RLA"); 3) the appellees violated the Federal Arbitration Act ("FAA"); 4) the appellees breached a contract in which the appellants were third-party beneficiaries; and 5) ALPA did not fulfill its duty of fair representation to appellants. We affirm the judgments of the district court.

### DISCUSSION

I. The Labor Protection Provisions Grounds

■ Originally, government regulatory agencies imposed LPPs as a condition of allowing mergers between railway systems. The LPPs served to protect the employees whose job security could be altered through a merger. As similar consolidations occurred in the airline industry, the government standardized and imposed analogous LPPs. Following the Airline Deregulation Act of 1978, the government no longer imposed LPPs. However, the parties to a merger may adopt, as part of their agreement, these standardized provisions. In this merger, the parties voluntarily accepted these standardized provisions.

Section 3 of the LPPs governs the integration of seniority lists following a merger between two carriers. Section 3 provides:

> In so far as the merger affects the seniority rights of the carriers' employees, provisions shall be made for the integration of seniority lists in a fair and equitable manner, including, where applicable, agreement through collective bargaining between the carriers and the representatives of the employees affected. In the event of failure to agree, the dispute may be submitted by either party for adjustment in accordance with Section 13.

Section 3 does not provide any grounds for the appellants' argument. First, ALPA, not the appellants, is the representative of the pilots for collective bargaining purposes. Only the collective bargaining representatives (or the carrier) may submit a dispute between them over the integration of seniority lists to arbitration. Second, the pilot's representatives working on the merger agreement could have asked ALPA for an arbitrator if they could not agree. Third, the pilot representatives, however, did not request arbitration. Therefore, the LPPs provide no grounds for the appellants' action.

II. The Railway Labor Act Grounds

■ The appellants claim that Delta and ALPA violated the RLA, 45 U.S.C. §§ 151a and 152 First and Second. These sections govern disputes between business organizations and labor unions that arise out of a collective bargaining agreement. *Hendricks v. Airline Pilots Ass'n*, 696 F.2d 673 (9th Cir.1983). The sections are not applicable because this case presents no dispute between Delta and ALPA. The appellants also allege that Delta engaged in intimidating and coercive behavior that violated section 152 Third. This section provides that employees have a right to select a collective bargaining representative without "interference, influence, or

coercion" from the carrier. Section 152 Fourth prohibits a carrier from interfering with its employees' right to join or to refrain from joining a collective bargaining unit. ALPA is the only labor organization involved in this case and neither Delta nor ALPA attempted to influence the pilots to join or to leave ALPA or any other union. Therefore, these RLA sections cited by the appellants are inapplicable.

■ The appellants also argue that Delta and ALPA violated the RLA by demoting Herring and that Delta violated the RLA by refusing to allow appellants to use Delta pilot mailboxes to communicate regarding their protests. No private cause of action exists under the RLA for a group of employees who assert retaliatory conduct based upon employee activities which bear no relationship to establishing a union, or to employer activities that bear no relationship to undermining a union. *Klemens v. Air Line Pilots Ass'n, Int'l*, 736 F.2d 491, 496 (9th Cir.), *cert. denied*, 469 U.S. 1019, 105 S.Ct. 435, 83 L.Ed.2d 362 (1984). Therefore, these allegations, even if true, do not constitute a violation of the RLA in this situation.

### III. The Federal Arbitration Grounds

■ Appellants also allege that the FAA, 9 U.S.C. §§ 1–14 required the appellees to arbitrate the seniority dispute. This statute is invoked only by a written agreement between the parties to arbitrate. Moreover, the statute specifically excludes from coverage "contracts of employment." Therefore, the appellants' reliance upon the FAA is misplaced.

### IV. The Third Party Beneficiary Grounds

The appellants argued that they, as individual employees, are third party beneficiaries of a contract between Western and Delta to provide LPPs. Under this theory, Delta became liable to appellant when it breached the LPPs. This argument fails because Delta did not breach the LPPs, as we discussed above.

### V. The Duty of Fair Representation Grounds

■ The appellants contend that ALPA breached its duty of fair representation owed to them under the RLA. They claim that the union breached this duty by acting in "hostile, arbitrary, and invidious, and discriminatory manner." The appellants base this argument on only unsupported statements that provide no concrete evidence that ALPA breached the duty of fair representation. These statements are insufficient to survive the ALPA's summary judgment motion. The courts allow a union a "wide range of reasonableness" in the conduct of its representation of its members. It must be able to focus on the needs of its whole membership without undue fear of law suits from individual members. *Bautista v. Pan American World Airways*, 828 F.2d 546, 549 (9th Cir.1987). The integration of a seniority list is a difficult undertaking because of the inevitability that some individual employees will be disadvantaged in comparison to others. In these circumstances, a union does not breach its duty of fair representation to others as long as it proceeds on some reasoned basis. *Clayton v. Republic Airlines*, 716 F.2d 729 (9th Cir.1983). Therefore, the district court correctly granted summary judgment to ALPA on this issue.

### VI. The District Court's Exercise of Discretion on Appellants' Motions

■ The appellants' arguments that the district court abused its discretion when it denied appellants' motions to compel discovery, to strike portions of declarations, and to add more plaintiffs is without merit. The records show that the appellants did not pursue discovery diligently before summary judgment. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986). If the portions of the ALPA declarations to which appellants objected had been stricken, more than sufficient evidence remained to justify summary judgment. *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698,

98 L.Ed.2d 650 (1988). The addition of more plaintiffs would have been a futile act that would not have affected the issues underlying the grant of summary judgment. *Klamath–Lake Pharmaceutical Ass'n,* 701 F.2d at 1293. Therefore, the district court did not abuse its discretion in denying appellants' motions.

## CONCLUSION

We AFFIRM the judgments of the district court.