9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald E. STOTT, Plaintiff-Appellant,
v.
CONTRA COSTA COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES;
Charles Sapper, Dean of Instruction, Diablo Valley
College, Defendants-Appellees.
 No. 93-15342.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 10, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald E. Stott appeals pro se the district court's summary judgment in favor of the Contra Costa Community College District Board of Trustees and Charles Sapper, Dean of Instruction, Diablo Valley College (collectively "District") in his employment discrimination action alleging gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII), age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA), retaliation under Title VII and the ADEA, and conspiracy to violate his Fourteenth Amendment rights under 42 U.S.C. § 1983. Stott contends the district court erred by granting summary judgment because material issues of fact were unresolved at the time the motion was granted. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). The party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material fact.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Lindahl, 930 F.2d at 1437 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)) (quotation marks omitted).
 
 
 4
 * Background
 
 
 5
 In December 1990, the District advertised for two separate teaching positions at Diablo Valley College, Psychology Instructor and Psychology/Social Science Instructor. Stott applied for both positions in January 1991.
 
 
 6
 In April 1991, Stott was informed by the District that he was not chosen for an interview for either position.
 
 
 7
 On May 2, 1991, Carlton Williams, District Director of Personnel, wrote to the District and recommended that the hiring process for both positions be halted due to his discovery that the District's initial screening process for the positions had not been followed. Williams recommended that the District either stop the hiring process and start again the following year or stop the hiring process and start over for the current year with a new screening committee using new screening guidelines.
 
 
 8
 On May 11, 1991, Stott filed a complaint alleging gender and age discrimination with the Equal Employment Opportunity Commission (EEOC) based upon the District's action in failing to hire him for either of the two positions. The District received notice of the EEOC complaint on May 17, 1991.
 
 
 9
 On May 15, 1991, Stott received a letter from the District informing him that the Psychology/Social Science position was being reannounced. On May 28, 1991, Stott received a letter from the District informing him that the hiring process for the Psychology position had been terminated and the position would not be filled for that year.
 
 
 10
 As recommended by Williams, a new screening committee was convened, rescreened the applications of those still interested in the available Psychology/Social Science Instructor position and recommended that nine applicants, including Stott, be interviewed. Declarations submitted by the District from each member of the new screening committee stated that no committee member knew Stott's age, had knowledge of Stott's EEOC complaint, or had any contact with District officials regarding applicants for the position.
 
 
 11
 On June 10, 1991, Stott was interviewed by a committee composed of five District teachers. Declarations submitted by the District from each member of the interview committee stated that no committee member had knowledge of Stott's age or his EEOC complaint, had any contact with District officials regarding applicants for the position, or had contact with members of the screening committee regarding the applicants.
 
 
 12
 All applicants were asked a uniform set of four questions and responses were rated on a scale of one to ten. A fifth question asked the applicant to present a short lecture on a topic selected from a list provided by the interview committee. The lecture presentation was scored on a scale of one to twenty. Each interview committee member filled out an evaluation sheet for each interviewee recording subjective comments and the numerical ratings.
 
 
 13
 Stott had the lowest overall numerical rating of all applicants, more than 200 points lower than the female applicant eventually hired for the position. He was rated lowest by four of five committee members, whereas the woman who was hired was rated highest by all committee members. Subjective evaluations of Stott's performance were similarly unflattering. His answers to various questions were described as "weak," "babbling," "unclear, [and] vague." His performance in the short lecture was also described as less than adequate; it was "not well prepared," "poor ... [and] uninspired."
 
 
 14
 Two women candidates, both younger than Stott, were selected for the final interview, and one was hired for the Psychology/Social Science Instructor position.
 
 
 15
 On March 20, 1992, Stott applied for a Psychology instructor position advertised by the District. He was denied an interview for this position by a letter he received on June 5, 1992. The screening committee consisted of three persons. Declarations submitted by the District from the members of this committee stated that two members of the committee were unaware of Stott's EEOC complaint or his age and had no communication with District officials regarding Stott. Although the third member of the committee was aware of Stott's EEOC complaint because he served as an Affirmative Action Officer, he was unaware of Stott's age and had no communication with District officials regarding hiring for the 1992 Psychology Instructor position. Of the three screening committee members, only the one aware of his EEOC complaint voted to interview Stott. Only those receiving a unanimous vote to interview were invited to interview for the position. The District interviewed eight male and five female applicants for this position and eventually hired a male.
 
 
 16
 On March 27, 1992, the EEOC denied Stott's EEOC complaint and issued him a right-to-sue letter.
 
 II
 Gender and Age Discrimination
 
 17
 Pursuant to Title VII, it is illegal for an employer to discriminate on the basis of gender when making employment decisions. 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADEA forbids discrimination on the basis of age when making employment decisions. 29 U.S.C. § 623(a)(1).
 
 
 18
 Stott's complaint relies on a theory of disparate treatment, an assertion "either that the employer's challenged decision stemmed from a[n] ... illegitimate motive (i.e. sex discrimination) or that the decision was the product of both legitimate and illegitimate motives." See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991). Disparate treatment claims under Title VII and the ADEA are analyzed under the same standards. Lindahl, 930 F.2d at 1437.
 
 
 19
 Where, as here, the plaintiff makes out a prima facie case of employment discrimination, the burden then shifts to the employer to articulate a legitimate nondiscriminatory reason for the employment decision. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Sischo-Nownejad, 934 F.2d at 1109; Lindahl, 930 F.2d at 1437. If the employer articulates a legitimate, nondiscriminatory reason for its employment decision, the plaintiff must then "raise a genuine factual issue as to whether the articulated reason was pretextual." Sischo-Nownejad, 934 F.2d at 1110. "The plaintiff cannot carry this burden simply by restating the prima facie case and expressing an intent to challenge the credibility of the employer's witnesses on cross-examination." Lindahl, 930 F.2d at 1437-38.
 
 
 20
 Here, the District met its burden of providing a legitimate nondiscriminatory reason for its employment decisions involving Stott. Williams' declaration establishes that the initial hiring process for both the Psychology and Psychology/Social Science Instructor positions was terminated before the District was apprised of Stott's EEOC complaint because of errors in the screening process. The declarations supplied by the District demonstrate that those involved in the hiring process were unaware of Stott's age or his EEOC complaint and rated him less qualified in every evaluation category than the woman eventually chosen for the Psychology/Social Science Instructor position.
 
 
 21
 Stott argues that his interview and subsequent unfavorable evaluation were simply a pretext for discrimination. In support of this allegation, he points to an error in the dates referenced in Williams' declaration and builds an elaborate conspiracy theory alleging falsification of records based upon this simple and inconsequential error. He also argues that statistical analysis proves that the application process for the Psychology/Social Science position was weighted against older applicants and men. His analysis reveals that six women and three men were interviewed for the position and that the two youngest women were chosen for the final interview. Stott also points out that he had far more teaching experience than either of the two women finalists. Finally, Stott points to the fact that he was denied an interview the following year for a Psychology Instructor position.
 
 
 22
 Nonetheless, the declarations submitted by the District make it clear that the woman eventually selected for the job was viewed as the superior applicant on the basis of the objective criteria utilized in the evaluation process. The coincidental fact that the two youngest women applicants happened also to be viewed as the most qualified is simply not enough to establish a question of material fact. Furthermore, that Stott was not selected for an interview the following year for a Psychology Instructor position does not prove anything absent some specific evidence of discriminatory motive in the failure to grant him an interview. Stott's allegations essentially reduce to a challenge to the credibility of the declarants. Such a challenge is insufficient to withstand a summary judgment motion absent specific facts "evidencing discriminatory motive or showing that the employer's explanation is not credible." See Lindahl, 930 F.2d at 1438.
 
 III
 Retaliation
 
 23
 Stott also contends the District denied him the Psychology/Social Science Instructor in retaliation for his filing of an EEOC complaint. He claims that the retaliation was proved by the fact that after he filed his EEOC complaint he was invited for an interview, received poor ratings and was not hired.
 
 
 24
 It is unclear from the district court order whether the court found that Stott had established even a prima facie case of retaliation. We assume without deciding that the court did find he established a prima facie case of retaliation.
 
 
 25
 Declarations filed by the District, however, reveal that none of those involved in the screening or interview process were aware of the EEOC complaint at the time that they made decisions regarding Stott's potential employment with the District. Stott offers no specific evidence that persons on either the screening or interview committees were aware of the EEOC complaint to support his claim of retaliation, and summary judgment was therefore appropriate on this issue. See Yartzoff v. Thomas, 809 F.2d 1371, 1377 (9th Cir.1987) (holding summary judgment inappropriate where plaintiff introduced specific evidence to support his claim of retaliation).
 
 IV
 42 U.S.C. § 1983 Claim
 
 26
 Stott also claims the district court erred by granting summary judgment for the District on his section 1983 claims. This contention lacks merit.
 
 
 27
 The factual circumstances underlying claims of age and gender discrimination under Title VII and the ADEA may also give rise to an action under section 1983 for violation of the equal protection clause of the Fourteenth Amendment. Sischo-Nownejad, 934 F.2d at 1112. Nonetheless, because Stott failed to demonstrate that the District acted with the intent to discriminate when it declined to hire him for any of the available teaching positions, his section 1983 action must fail. See id. ("A plaintiff who fails to establish intentional discrimination for purposes of Title VII and the [ADEA] also fails to establish intentional discrimination for purposes of § 1983.").[1]
 
 
 28
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stott also argues that the district court disregarded the District's failure timely to provide requested discovery and erred by granting summary judgment prior to permitting Stott discovery of documents relating to the screening process for the 1992 Psychology Instructor position
 We review for an abuse of discretion the district court's denial of a motion to compel discovery. Herring v. Delta Airlines, Inc., 894 F.2d 1020, 1021 (9th Cir.), cert. denied, 494 U.S. 1016 (1990). Although the district court did not rule on Stott's motion to compel discover, we assume arguendo that granting the summary judgment motion was equivalent to a denial of Stott's motion to compel discovery.
 Some materials relating to the initial aborted screening process in 1991 were not located by the District until just before the motion for summary judgment was made. These materials were provided to Stott on the same day the summary judgment motion was filed. Stott did not request a continuance to evaluate the discovery and did in fact utilize this discovery in his opposition to the summary judgment motion. Accordingly, the district court's denial of the motion to compel production of these documents was not an abuse of discretion. See id. at 1024.
 As to Stott's request for the materials relating to the screening process for the 1992 Psychology Instructor position, we cannot say the district court abused its discretion by not compelling production of these documents where the declarations offered by the District established that the members of the 1992 screening committee who voted to deny Stott an interview averred that they were unaware of Stott's age or his previously filed EEOC complaint. See id.