29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric SCHROEDER, Plaintiff-Appellant,
v.
John SMYTHE, Warden; George W. Sumner, Director; Dan Lake,
Grievance Specialist; Chuck Norwood, Grievance Officer;
Jan Ahn, Unit Manager; Elwood Reynolds, H.C.F. Acting
Administrator; John Does 1-10, State Employees; and
Hawaii, State of P.S.D., Defendants-Appellees.
 No. 93-16238.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1994.*
Decided June 24, 1994.
 
 Before: FARRIS, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Schroeder appeals the district court's order granting summary judgment in favor of the defendants, the State of Hawaii and various state employees at the Halawa Correctional Facility in Honolulu County, Hawaii. Schroeder argues that the district court erred in holding that his First and Fourteenth Amendment rights were not violated when prison officials restricted him to filing one grievance per day. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * Schroeder first challenges the district court's denial of his motion to strike the defendants' declarations and exhibits in support of their motion for dismissal or summary judgment. We review for an abuse of discretion the district court's denial of a motion to strike in the context of a summary judgment proceeding. See Herring v. Delta Air Lines, Inc., 894 F.2d 1020, 1021 (9th Cir.), cert. denied, 494 U.S. 1016 (1990).
 
 
 4
 The district court properly concluded that the defendants' declarations were based on personal knowledge and could be considered for purposes of the summary judgment motion. The exhibits to which Schroeder objected, moreover, were not declarations offered for the truth of the matter asserted and therefore were not hearsay. Fed.R.Evid. 801(c). The district court did not abuse its discretion in denying Schroeder's motion to strike the defendants' declarations and exhibits.
 
 II
 
 5
 Schroeder argues that the district court erred in granting summary judgment as to his constitutional and civil rights claims. We review de novo the grant of summary judgment. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir.1989). In ruling on a summary judgment motion, we "view the evidence and inferences therefrom in the light most favorable to the party opposing the motion." Id. We will affirm the district court's summary judgment order if "there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law." Id.; Fed.R.Civ.P. 56(c).
 
 
 6
 * Schroeder contends that he has First Amendment expressive rights to file grievances regarding prison officials and prison conditions. He argues that his rights were violated when prison officials imposed on him a content-based restriction limiting him to one grievance per day.
 
 
 7
 A prisoner " 'retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.' " Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1973)). An inmate's constitutional rights may be limited, however, "in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security." Walker v. Sumner, 917 F.2d 382, 385 (9th Cir.1990). The limitations must "be no greater than is necessary to protect the particular government interest involved." Rizzo, 778 F.2d at 532. We accord "great deference to prison officials' assessments of their interests." Walker, 917 F.2d at 385.
 
 
 8
 Prisoners have a constitutional right of access to the courts to petition for redress of grievances. Bounds v. Smith, 430 U.S. 817, 821 (1976). This right extends to grievances filed under prison grievance systems. See Valandingham, 866 F.2d at 1137. The grievance restriction in this case did not deprive Schroeder of his right to file grievances but merely limited it. Additionally, the restriction was not content based. It simply affected the number of grievances Schroeder could file each day without censoring the content of his one daily grievance.
 
 
 9
 In support of their summary judgment motion, the prison employees asserted that the grievance restriction was based upon legitimate penological interests in preventing a drain on prison resources and in maintaining discipline in the prison by enforcing prison rules. The restriction had a valid, rational connection to these stated interests and was no greater than was necessary to protect them. Schroeder, moreover, has failed to establish a disputed issue of fact regarding these asserted penological interests. The district court properly granted summary judgment for the prison employees as to Schroeder's First Amendment claim.
 
 B
 
 10
 Schroeder argues that summary judgment is inappropriate because there is a genuine issue of fact regarding whether the grievance restriction was imposed as retaliation for his exercise of First Amendment rights, in violation of 42 U.S.C. Sec. 1983.
 
 
 11
 To state a claim for retaliation, Schroeder must allege "both that the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." Rizzo, 778 F.2d at 531. Schroeder must also allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532.
 
 
 12
 As stated above, Schroeder's First Amendment rights were not infringed. Even if they were, Schroeder has failed to allege that the restriction on his access to the grievance system was neither legitimate nor narrowly tailored. He has offered no evidence, other than "bare allegations," to raise a genuine issue of material fact regarding his retaliation claim. See id. at 532 n. 4.
 
 C
 
 13
 Schroeder also argues that he was denied his Fourteenth Amendment right to procedural due process. He contends that he was entitled to fair notice that his conduct was prohibited and of the sanction for the violation. He further argues that he was not sufficiently informed of the content restrictions on grievances because policy Sec. 4.12(j) is vague and overbroad.
 
 
 14
 "The fourteenth amendment protects liberty interests arising from the Due Process Clause or created by state law." Conner v. Sakai, 15 F.3d 1463, 1466 (9th Cir.1993) (citing Hewitt v. Helms, 459 U.S. 460, 466 (1983)). To determine whether a state regulation or policy creates a liberty interest, we examine closely the rule's language "to see whether the state has placed 'substantive limitations on official discretion.' " Id. (quoting Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 461 (1989)). A liberty interest is created if the state establishes "particularized standards or criteria" to govern official decisionmaking, and the regulation or policy uses "explicitly mandatory language" requiring a particular outcome when the criteria are met. Id.
 
 
 15
 Even assuming the Hawaii law Schroeder cites creates a liberty interest by requiring that inmates be informed of the rules and procedures of the correctional facility, Schroeder has asserted no genuine issue of fact on his due process claim. He admitted that he was repeatedly informed of policy Sec. 4.12(j) and was warned that he violated it when he submitted grievances that failed to comply with the policy. The policy, moreover, is not vague or overbroad.
 
 
 16
 Schroeder's argument that he had a state-created liberty interest in notice that his abuse of the grievance process would result in restricted grievance privileges is equally without merit. Policy Sec. 4.12(k) provides that "[i]nmates who abuse the [grievance] system may be dealt with on an individual basis." This policy does not set forth particularized standards or criteria to guide prison officials, nor does it require in "explicitly mandatory language" that a particular outcome or sanction must follow an abuse of the grievance system. No liberty interest was created. The prison employees are entitled to judgment as a matter of law.
 
 D
 
 17
 Schroeder next argues that the district court erred in holding that the individual defendants, acting in their official capacities, are entitled to qualified immunity.
 
 
 18
 "Qualified immunity protects government officials performing discretionary functions from liability for civil damages, unless the official's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Schroeder has no clearly established constitutional or statutory right to file more than one grievance per day. The defendants are entitled to qualified immunity.
 
 E
 
 19
 Finally, Schroeder contends that the district court erred in holding that his request for injunctive relief is moot. Schroeder's argument lacks merit. He is no longer an inmate at the Halawa Correctional Facility and is no longer subject to the grievance limitation. The district court properly denied his request for injunctive relief.
 
 III
 
 20
 Because Schroeder does not prevail on any issue, we deny his request for costs on appeal.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3