28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvatore PELLEGRINO, Plaintiff-Appellant,
v.
J.P. WALKER, Defendant-Appellee.
 No. 93-17183.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 28, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvatore Pellegrino, a California state prisoner, appeals pro se the district court's summary judgment for prison official J.P. Walker in Pellegrino's 42 U.S.C. Sec. 1983 action alleging that Walker violated his Eighth Amendment right by placing him in a prison cell with a suspected gang member. Pellegrino contends that the district court erred by granting summary judgment for Walker while Pellegrino's motion to compel discovery was pending. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 * Background
 
 
 4
 In 1982, while Pellegrino was in another prison, members of the Aryan Brotherhood ("AB") stabbed him repeatedly in the chest and back and almost killed him. As a result, prison officials classified the AB as an "enemy" of Pellegrino in order to ensure that he would not be housed with AB members in the future. Pellegrino contends that prison officials at the New Folsom Prison where he was subsequently transferred were aware of this classification when they placed him in a cell with McClure, a suspected AB member. Pellegrino contends that during the two days he shared a cell with McClure, McClure was verbally abusive and at one point brandished his shaving razor at Pellegrino in a threatening manner. Pellegrino also contends that the prison facility was on lockdown during the time because of a stabbing incident in which McClure was a suspect. Pellegrino states that as a result of being in the same cell with McClure, he suffered such severe emotional distress and chest pains that he believed he was having a heart attack. Although a visit to the prison medical facility revealed that he had not suffered a heart attack, the medical technician who examined Pellegrino contacted prison officials about Pellegrino's distress. Pellegrino was subsequently transferred to another cell.
 
 
 5
 In his complaint, Pellegrino alleged psychological injuries resulting from Walker's violation of his Eighth Amendment right to be free from the wanton infliction of pain. Walker moved for summary judgment primarily on the grounds that Pellegrino had failed to establish that Walker was "deliberately indifferent" to Pellegrino's safety when he placed him in a cell with McClure. Pellegrino sought a stay of the summary judgment motion in order to compel additional discovery. Specifically, Pellegrino sought records regarding the 1982 stabbing incident in which he was a victim and records pertaining to McClure. The district court denied Pellegrino's motion for a stay and granted summary judgment for Walker. The court found that regardless of any culpability on the part of Walker, Pellegrino had failed to establish, as a matter of law, an injury severe enough to be cognizable under the Eighth Amendment. Thus, the court also denied Pellegrino's motions to compel, finding them to be irrelevant to the issue of whether he had a cognizable injury. Pellegrino timely appeals.
 
 II
 Merits
 A. Summary Judgment
 
 6
 Pellegrino contends that the district court abused its discretion by granting summary judgment while his motion to compel discovery was pending. This contention has merit.
 
 
 7
 We review de novo a grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 8
 Here, we disagree with the district court's legal conclusion that Pellegrino failed to allege a cognizable injury. The Eighth Amendment proscribes the wanton infliction of pain. Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir.1993) (en banc). The pain inflicted need not be physical, severe psychological injury and emotional pain and suffering are sufficient. Id. Moreover, extreme pain can be inflicted with little or no physical injury. Hudson v. McMillian, 112 S.Ct. 995, 1004 (1992). In Jordan, we held that female prisoners who showed symptoms of post-traumatic stress disorder after being searched by male guards established an Eighth Amendment violation. 986 F.2d at 1525-26. In reaching this holding, we considered the inmates' past experiences of being victims of domestic violence and abuse. Id. Here, in light of Pellegrino's past experience of being almost fatally stabbed by members of the AB, it is conceivable that his distress at being housed with an AB member could be so severe as to constitute an "injury" under the Eighth Amendment. Accordingly, the district court erred by finding, as a matter of law, that Pellegrino could not establish a cognizable injury.
 
 B. Discovery and Request for a Stay
 
 9
 We review for abuse of discretion the district court's denial of a motion to compel discovery. Herring v. Delta Airlines, Inc., 894 F.2d 1020, 1023-24 (9th Cir.), cert. denied, 494 U.S. 1016 (1990). The court may grant a continuance pursuant to Rule 56(f) if the party opposing summary judgment needs additional time to discover "facts essential to justify the party's opposition." Fed.R.Civ.P. 56(f). The party seeking additional discovery also bears the burden of showing "what facts she hopes to discover to raise a material issue of fact." Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986).
 
 
 10
 Here, the information pertaining to the 1982 stabbing incident was relevant to determining the severity of Pellegrino's distress about being placed in a cell with McClure. Thus, we disagree with the district court's conclusion that this information had no bearing on whether Pellegrino had suffered a cognizable injury. Moreover, records regarding McClure's suspected involvement in the AB would be relevant to determining whether Pellegrino's distress had a basis in fact. Accordingly, the district court erred by denying Pellegrino's motions to compel and by granting summary judgment for Walker while these two motions were pending. See id.[1]
 
 
 11
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider the relevance of Pellegrino's other motions to compel, or whether there was enough evidence in the record to show that defendants were deliberately indifferent. The district court should consider these issues in the first instance in light of our decision here