FILED

NOT FOR PUBLICATION

AUG 03 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM GRAY,

            Plaintiff - Appellant,

    v.

F. DIAZ, C/O,

            Defendant - Appellee.

No. 14-35049

D.C. No. 1:12-cv-00242-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted July 21, 2015[**]

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

    Idaho state prisoner William Gray appeals pro se from the district court's

summary judgment in her 42 U.S.C. § 1983 action alleging a retaliation claim.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*,

391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Gray failed to raise a genuine dispute of material fact as to whether Diaz took an adverse action against her because Gray filed civil actions against Idaho prison officials. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context).

The district court did not abuse its discretion by failing to grant additional time to conduct additional discovery before ruling on Diaz's motion for summary judgment because Gray failed to request such an extension or show that the discovery was essential to oppose summary judgment. *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (setting forth standard of review and explaining that a plaintiff must show that the discovery sought would have precluded summary judgment).

The district court did not abuse its discretion in denying Gray's motion to strike Diaz's affidavit because the affidavit was notarized and the relevant portions were made based on personal knowledge. *See Herring v. Delta Air Lines, Inc.*, 894 F.2d 1020, 1021 (9th Cir. 1989) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

14-35049

We do not consider issues and arguments incorporated by reference on appeal. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

**AFFIRMED.**