
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TODD VERDIER,

        Plaintiff-Appellant,

v.

PHILLIP WALKER; CLARK COUNTY,

        Defendants-Appellees.

No. 17-35512

D.C. No. 3:15-cv-05700-RBL

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 6, 2018[**]
Seattle, Washington

Before: W. FLETCHER and BYBEE, Circuit Judges, and BURNS,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Todd Verdier appeals the district court's grant of summary judgment. He also appeals two preliminary orders: an order denying a stay and granting his counsel leave to withdraw on the condition that he first file an opposition to the summary judgment motion; and an order striking a declaration he filed while proceeding *pro se*.

We review the district court's scheduling and case management decisions, as well as its grant or denial of a motion to withdraw as counsel and a motion to strike an affidavit or declaration, for abuse of discretion. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002); *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Herring v. Delta Air Lines, Inc.*, 894 F.2d 1020, 1021 (9th Cir. 1989). The district court did not abuse its discretion in declining to stay the case for five to six months while the summary judgment motion was pending to allow Verdier to retain new counsel. Its denial was based on a reasonable determination that such a stay would result in undue delay and unfairly prejudice Defendants. Moreover, Verdier has not shown he was prejudiced by the denial. In addition, the district court did not abuse its discretion when it required Verdier's counsel to first file an opposition to the summary judgment motion before granting him leave to withdraw. The district court also did not abuse its discretion when it struck Verdier's *pro se* declaration and did not allow or invite him to refile.

Because Verdier failed to carry his burden of establishing a triable issue of material fact as to any of his claims, the district court properly granted summary judgment for Defendants. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

**AFFIRMED**.